IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARON LOUGHLIN a/k/a SHARON DAGG, <br><br> Plaintiff, <br><br> vs. <br><br> COLLECTCORP CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) No. 04 C 5569 |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sharon Loughlin brought this class action suit against defendant Collectcorp Corporation (Collectcorp) for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA). Defendant now moves to dismiss the action. The motion is denied.

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not the merits of the case. Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In deciding a motion to dismiss the court must assume the truth of all well-plead allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Collectcorp, a debt collection agency headquartered in New York, sent plaintiff a collection letter on November 22, 2003. The letter, attached to plaintiff's complaint, notified plaintiff that Collectcorp was attempting to collect an overdue balance on an American Express account. The second paragraph of the letter states, "As soon as we receive your

payment in full on the above-noted account all collection activity will be stopped." The letter then informed plaintiff that Collectcorp would assume the debt was valid unless plaintiff contested the debt in writing within thirty days.

Plaintiff claims that defendant violated § 1692e of the FDCPA by asserting in its letter that as soon as payment in full was received all collection activity would stop.[1] Section 1692e provides, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The section goes on to list sixteen specific violations of the statute, though plaintiff does not claim that defendant's letter violates any of these particular subsections. Plaintiff maintains that defendant's statement was misleading because collection activity must stop under circumstances other than payment in full, and because defendant does not intend to pursue the debt until plaintiff pays the whole amount. To determine whether a collection notice is deceptive or misleading, courts in the Seventh Circuit use the unsophisticated consumer standard. Gammon v. GC Services Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994). Under this standard, courts view the notice

---

[1] Plaintiff's response to the motion to dismiss states that Collectcorp's letter violates both § 1692e and § 1692g – a section that the Seventh Circuit has interpreted to prohibit collection letters that might confuse debtors as to their 30-day right to dispute the validity of a debt, see Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997). However, plaintiff's complaint makes no claim regarding violation of § 1692g. As a response to a motion to dismiss cannot be used to amend the complaint, see Thomason v. Nachtrieb, 888 F.2d 1202, 1205 (7th Cir. 1989), we ignore plaintiff's assertions of a § 1692g claim.

While the same standard – the unsophisticated consumer standard – is used to analyze both § 1692g claims and § 1692e claims, see Durkin v. Equifax Check Services, Inc., 2004 WL 725461 at *3 (N.D.Ill. 2004), the inquiry is not the same for each claim. A § 1692g claim involves language that creates confusion as to a plaintiff's right to dispute a debt, see Bartlett v. Heibl, 128 F.3d 497, 499 (7th Cir. 1997), while a § 1692e claim involves "false, deceptive, or misleading" language, see Gammon v. GC Services Ltd. Partnership, 27 F.3d 1254, 1256 (7th Cir. 1994). However, this appears to be a distinction without a difference. Given that misleading language need not be intentional, Turner v. J.V.D.B. & Associates, Inc., 330 F.3d 991, 994 (7th Cir. 2003), we would be hard-pressed to explain how a collection letter misled the reader but did not confuse her. Furthermore, courts have clearly applied analysis from cases addressing § 1692g claims to § 1692e claims. See Kort v. Diversified Collection Services, Inc., 270 F.Supp.2d 1017, 1025 (N.D.Ill. 2003); Sherman v. Financial Credit, LLC, 2003 WL 1732601 at *1 (N.D.Ill. 2003)(in analysis of a 1692e claim the court uses terms "confusing" and "misleading" interchangeably). Thus, while plaintiff does not allege a § 1692g claim, some of her argument and citations regarding such claims are relevant to this motion to dismiss.

from the perspective of a hypothetical consumer who is "uninformed, naive, or trusting," but uses her "reasonable perceptions." *Id.*

The Seventh Circuit has repeatedly held that neither § 1692g claims for letters which confuse debtors as to their rights, nor § 1692e claims, should be dismissed pursuant to a 12(b)(6) motion where the complaint alleges that a collection letter is confusing or misleading, because judges "are not good proxies for the 'unsophisticated consumers' whose interests the statute protects," and because plaintiffs are allowed to provide evidence as to how the letter is understood by the unsophisticated consumer. Walker v. National Recovery, Inc., 200 F.3d 500, 501 (7th Cir. 1999); Johnson v. Revenue Management Corp., 169 F.3d 1057(7th Cir. 1999); Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 565-66 (7th Cir. 2004)(reversing dismissal of § 1692e claim where collection letters "could conceivably mislead an unsophisticated consumer").[2] Nonetheless, Collectcorp moves for dismissal arguing that (1) its statement is accurate and therefore not false, deceptive or misleading, and (2) it is not required to inform debtors of other circumstances under which it must cease collection activities. The accuracy of a statement when read on its own does not foreclose the possibility that it creates a misleading implication when read in context. Farley v. Diversified Collection Services, Inc., 1999 WL 965496 at *7 (N.D.Ill. 1999)(statement that Colorado residents have the right to stop contact by collection agency is accurate but creates misleading impression that non-Colorado residents do not have this right). White v. Goodman, 41 F.Supp.2d 794, 798 (N.D.Ill. 1998), which defendant cites in support of its argument, does not hold otherwise. In White, we do not find that no accurate statement can create a misleading implication, but rather that the accurate information in the collection letter at issue could not have led to a reasonable

---

[2] Plaintiff seeks to supplement her response with a survey. That motion is denied as premature.

unsophisticated consumer drawing a misleading implication. *Id.*

Defendant's second argument also fails. Plaintiff is not arguing that Collectcorp failed to provide statutorily required information in its dunning letter. Rather, plaintiff claims that information in the letter created a misleading impression regarding her rights – a misleading impression that may have been clarified had defendant provided additional information. Whether or not Collectcorp is statutorily required to provide the information is irrelevant.

Though plaintiff's response to the motion to dismiss overstates its case with loose paraphrases of Collectcorp's letter, we find that an unsophisticated consumer using her reasonable perception could conceivably be misled by defendant's statement that "as soon as we receive your payment in full on the above-noted account all collection activity will be stopped." It is possible that this statement misled debtors to believe that without payment in full Collectcorp would continue collection activity even though that may not be Collectcorp's intent, or that Collectcorp would continue collection activity after the debtor contested the debt, even though Collectcorp must cease such activity. *See* 15 U.S.C §§ 1692e(5), (10).

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is denied.

　　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES B. MORAN
　　　　　　　　　　　　　　　　　　　　　　　　　　　Senior Judge, U. S. District Court

Feb. 8　, 2005.